UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

JOSES BRAXTON,
        Plaintiff,        Civil Action No.: 14-12054
                                    Honorable Avern Cohn
v.                                 Magistrate Judge Elizabeth A. Stafford

TOM HERITIER and
MICHAEL MURPHY,

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY
DEFENDANTS' MOTION TO DISMISS [R. 13]**

Plaintiff Joses Braxton, a prisoner proceeding *pro se*, brings the instant action under 42 U.S.C. §1983 against Defendants Tom Heritier and Michael Murphy, officers with the Saginaw Police Department, for civil conspiracy to subject him to an unreasonable search and seizure, as well as falsely arrest and maliciously prosecute him, all in violation of the Fourth Amendment.[1]  He further alleges civil conspiracy under 42 U.S.C. § 1985(3), claiming a deprivation of equal protection of the laws based on his race.  Defendants move to dismiss Braxton's false arrest and malicious prosecution claims on statute of limitations grounds.  In their reply brief,

---

[1] While the actual claims in Braxton's complaint are not entirely clear, he does not dispute Defendants' characterization of them in this manner. [R. 13, PgID 7; R. 16, PgID 64].

they improperly added an argument that Braxton's malicious prosecution claim has been asserted against improper parties, [R. 17, PgID 76], so the Court permitted Braxton to file a sur-reply.  [R. 22 & 23].  Because Braxton filed a response to this second argument, the Court will address it despite the general rule that arguments may not first be raised in a reply brief.  As set forth below, the Court finds no merit to either of Defendants' arguments and **RECOMMENDS** that Defendants' motion to dismiss **[R. 13]** be **DENIED**.

**I.      BACKGROUND**

Braxton, an African-American, alleges that he started a towing company business in Saginaw, Michigan in 2010, which required him to petition for a zoning variance that would give him the authority to impound vehicles.  At this time, he was the only African-American owner of a towing business in Saginaw.  During his petition hearing, a Caucasian towing company opposed Braxton's operation of a towing company in Saginaw, but it appears that he received the zoning variance.  According to Braxton, the Caucasian-owned towing companies had business contracts with the City of Saginaw, and long standing relationships with police department employees.

Braxton alleges that after starting his company, he sought to report

vehicles of that he had taken into his possession, and was referred to defendant Heritier of the Saginaw Police Department's Abandoned Vehicle Disposition Unit. According to Braxton, Heritier refused to provide him with the help and standard forms that he regularly furnished for the Caucasian towing-company owners. After Braxton complained to the police department's administration, Heritier provided him with the forms but continued to show animosity by, for example, telling him his "3 or 4 report forms are not on my list of high priorities" and that Heritier had "over 100 report forms from more reputable towing companies to process," which Braxton interpreted as being the Caucasian companies. [R. 1, PgID 6]. Braxton also alleges that Heritier made patently racial comments, including, "You think you're smart, by undercutting the prices of all the white owned towing services." [*Id.*, PgID 5]. As a result of Heritier's alleged conduct, Braxton eventually sought business in other counties.

In his complaint, Braxton alleges that, in summer of 2011, a Caucasian towing company improperly repossessed a vehicle that had been lawfully in Braxton's custody. Braxton reported the incident to the Saginaw Police Department, which led to an investigation by Michael Murphy, a friend of Heritier and a detective with the Department's auto theft team. Murphy attempted to bring charges against Braxton regarding the

vehicle, but those charged were deemed unfounded by the prosecutor and Braxton was never charged. Murphy then denied Braxton a release of the vehicle at issue, stating "My buddy Tom Heritier says good luck in your towing company." [R. 1, PgID 7]. As a result of these actions, Braxton stopped impounding cars for a period of six months at a substantial loss to his business.

In January 2012, Braxton began towing operations in the city of Flint, although his principal place of business remained in Saginaw. That same month, he submitted fifteen abandoned vehicle report forms to Heritier for processing. Braxton alleges that all of the vehicles submitted for processing were in his possession lawfully, and none had been reported stolen by their owners or had been the subject of any customer complaints. Nor had any complaints been alleged against Braxton's towing company generally.

The forms Braxton submitted were intended to initiate a notification process to permit interested persons to redeem the vehicles in Braxton's possession, which Heritier knew. Instead of processing them, however, Heritier turned them over to Murphy alleging that it was "unusual" for a Saginaw towing company to submit reports for vehicles from Flint. Heritier accused Braxton of attempting to fraudulently obtain TR-52 forms, i.e.,

forms that would have given Braxton authority to dispose of the abandoned vehicles.  [R. 1, PgID 7; R. 23, PgID 124].

On March 12, 2012, Murphy executed a search warrant on Braxton's business and seized six vehicles alleged to have been stolen property. Braxton denies that the vehicles were stolen, and claims that Murphy convinced the owner of one of the vehicles to file a false police report alleging that her vehicle was stolen.  Braxton was arrested without a warrant and held at the Saginaw County Jail, a search warrant was executed on his residence and two of his tow trucks were seized.

Braxton was allegedly served with an arrest warrant on March 16, 2012, charging him with receiving and concealing stolen property.  The charges were dismissed by the state court at the preliminary hearing and the prosecution appealed.  The dismissal was affirmed by the Saginaw County Circuit Court on October 5, 2012.  Braxton filed suit on May 22, 2014.

## II.   LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency.  Although the federal rules only require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *see* Rule 8(a)(2), the

5

statement of the claim must be plausible. Indeed, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, legal conclusions

need not be accepted as true. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Furthermore, the Court is not required to "create a claim which [the plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Nonetheless, "[t]he leniency granted to pro se [litigants] ... is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Indeed, such complaints still must plead a plausible claim for relief. *Davis v. Prison Health Services*, 679 F.3d 433, 437-38 (6th Cir. 2012).

### III. ANALYSIS

Braxton's 42 U.S.C. §1983 claim charges that Defendants conspired to commit an illegal search and seizure, false arrest and malicious prosecution in violation of the Fourth and Fourteenth Amendments, and his 42 U.S.C. § 1985 claim alleges civil conspiracy. Defendants do not raise

any challenge to Braxton's § 1985 claim, to Braxton's allegations of a conspiracy under §1983, or to his claim of illegal search and seizure of his property. Instead, they argue that Braxton's claims of malicious prosecution and false arrest are barred by the applicable statute of limitations. [R. 13]. Further, with respect to his malicious prosecution claim, they argue that they are improper defendants as they did not make the ultimate decision to prosecute him. [R. 17]. The Court finds that both arguments lack merit.

### A. Statute of Limitations

"A claim for civil conspiracy under §1983 exists only where the plaintiff has established a separate and actionable constitutional injury." *Rapp v. Dutcher*, 557 Fed. Appx. 444, 450 (6th Cir. 2014). Defendants argue that Braxton cannot establish a constitutional violation of false arrest or malicious prosecution because both claims are barred by the statute of limitations. Although Braxton appears to concede Defendants' argument as to his false arrest claim, [R. 16], the Court disagrees that Defendants have correctly stated the law on the subject and finds that both of Braxton's claims survive dismissal on this ground.

The applicable statute of limitations for cases brought § 1983 is the state statute of limitations for personal injury claims, which in Michigan is

three years. Mich. Comp. Laws § 600.5805(8); *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988) *citing Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985). Defendants' assertion that a two-year statute of limitations applies, premised upon the limitations period for Michigan's false arrest statute, is therefore incorrect. *Searcy v. County of Oakland*, 735 F. Supp. 2d 759 (E.D. Mich. 2010) (rejecting defendants' claim that a two-year limitation period applies to false arrest claim brought under §1983). Braxton's false arrest and malicious prosecution claims were both timely filed within the three-year limitations period, and are therefore not subject to dismissal.

    **B.**    **Failure to State a Claim**

Defendants further argue that Braxton's complaint fails to state a claim against them for malicious prosecution since neither defendant was the person ultimately responsible for making the decision to prosecute.

When a § 1983 malicious prosecution claim is premised on a violation of the Fourth Amendment, a plaintiff must show (1) that a criminal prosecution was initiated against him and that the defendant made, influenced, or participated in the decision to prosecute; (2) that there was a lack of probable cause for the criminal prosecution; (3) that the plaintiff suffered a deprivation of liberty as a result of the prosecution; and (4) that

9

the prosecution was resolved in his favor. *Sykes v. Anderson*, 625 F.3d 294, 308-309 (6th Cir. 2010). Here, Defendants challenge only the first element, arguing that they cannot be found to have "made, influenced or participated in the decision to prosecute" because they were not the ultimate decision-makers with regard to Braxton's prosecution. They contend, "Prosecutors alone make the decision to prosecute…" [R. 17, PgID 76].

Contrary to Defendants' argument, a defendant need not be the final arbiter of a prosecution in order to be found to have influenced or participated in the decision to prosecute. *Sykes v. Anderson*, 625 F.3d 294, 311 (6th Cir. 2010). In *Sykes*, the Sixth Circuit specifically found that "the fact that [defendant officers] did not *make* the decision to prosecute does not per se absolve them from liability." *Id.* (emphasis in original). Instead, considering the nature of degree of the officers' actions, a plaintiff may prove that the officers influenced or participated in the decision to prosecute. *Id. a*t 311-12, 312 n.9.

Defendants' motion does not challenge the sufficiency of Braxton's allegations with regard to the level of their participation in the decision to prosecute him, so the Court will address the sufficiency only briefly. Braxton specifically alleges that defendant Murphy participated and

10

influenced the decision to prosecute him by convincing a civilian to file a false police report alleging that her car was stolen, which led to Braxton's arrest. "An investigator may be held liable under §1983 for making material false statements either knowingly or in reckless disregard for the truth to establish probable cause for an arrest." *Vakilia v. Shaw*, 335 F.3d 509, 517 (6th Cir. 2003).

Additionally, Braxton has alleged that Heritier and Murphy were engaged in a civil conspiracy to violate Braxton's constitutional rights. A conspiracy claim under § 1983 requires allegations of: (1) a single plan; (2) in which each defendant shared a general conspiratorial objective; and (3) the commission of an overt act in furtherance of the conspiracy, causing injury. *Hooks v. Hooks*, 771 F.2d 934, 944 (6th Cir. 1985). Braxton alleges that Heritier and Murphy engaged in a conspiracy to illegally seize his property, arrest him, and institute criminal charges against him, and that Murphy engaged in an overt act (the creation of a false police report), which caused the seizure of his property, and his arrest and prosecution. This is sufficient to state a claim for conspiracy under §1983. For these reasons, Braxton's claim for conspiracy to commit malicious prosecution should stand against both Defendants.

## IV.    CONCLUSION

Braxton's claims were filed within the applicable statute of limitations and he has adequately pleaded a claim of malicious prosecution against Defendants. Therefore, the Court **RECOMMENDS** that their motion to dismiss **[R. 13]** be **DENIED**.

Dated: May 18, 2015　　　　　　　　　s/Elizabeth A. Stafford
Detroit, Michigan　　　　　　　　　　ELIZABETH A. STAFFORD
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 18, 2015.

>   s/Marlena Williams
>   MARLENA WILLIAMS
>   Case Manager