UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

JOSES BRAXTON,

               Plaintiff,          Civil Action No.: 14-12054
                                        Honorable Avern Cohn
v.                              Magistrate Judge Elizabeth A. Stafford

TOM HERITIER and
MICHAEL MURPHY,

               Defendants.
_____/

## ORDER DENYING PLAINTIFF'S APPLICATION FOR APPOINTMENT OF COUNSEL [R. 9] WITHOUT PREJUDICE

Plaintiff Joses Braxton, moves for appointment of counsel. [R. 9]. Braxton brings the instant action under 42 U.S.C. §1983 against Defendants Tom Heritier and Michael Murphy, officers with the Saginaw Police Department, for civil conspiracy to subject him to an unreasonable search and seizure, as well as falsely arrest and maliciously prosecute him, all in violation of the Fourth Amendment.[1] He further alleges civil conspiracy under 42 U.S.C. § 1985(3), claiming a deprivation of equal protection of the laws based on his race. Defendants moved to dismiss Braxton's claims on limited grounds, a motion this Court has recommended

---

[1] While the actual claims in Braxton's complaint are not entirely clear, he does not dispute Defendants' characterization of them in this manner. [R. 13, PgID 7; R. 16, PgID 64].

be denied.  [R. 27].

Braxton seeks appointment of counsel, alleging that he lacks funds to hire an attorney and lacks sufficient knowledge of the law to properly litigate his case on his own.

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel."  Appointment of counsel under § 1915(e)(1) is not a constitutional right in a civil action; a district court is vested with broad discretion to determine whether "exceptional circumstances" warrant such an appointment.  *Lavado v. Keohane*, 992 F.2d 601, 604-06 (6th Cir. 1993).  In making this determination, the Court considers the nature of the case, the party's ability to represent himself, the complexity of the legal and factual issues, and whether the claims being presented are frivolous or have a small likelihood of success.  *Id.*  Appointment of counsel pursuant to § 1915(e)(1) is rare because "there are no funds appropriated to pay a lawyer or to even reimburse a lawyer's expense."  *Clarke v. Blais*, 473 F. Supp. 2d 124, 125 (D. Me. 2007).

Having review Braxton's case filings to this point, and considering the relevant factors, the Court finds that Braxton does not show exceptional circumstances that merit the appointment of counsel at this juncture.  His

2

filings show he has sufficient knowledge of the laws and the facts of his

case, and he has already survived a motion to dismiss without the

assistance of an attorney.  For these reasons, Braxton's motion to appoint

counsel [R. 9] is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.


Dated: May 18, 2015                    s/Elizabeth A. Stafford
Detroit, Michigan                      ELIZABETH A. STAFFORD
                                       United States Magistrate Judge


## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which

provides a period of fourteen (14) days from the date of receipt of a copy of

this order within which to file objections for consideration by the district

judge under 28 U. S. C. §636(b)(1).


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served
upon counsel of record and any unrepresented parties via the Court's ECF
System to their respective email or First Class U.S. mail addresses
disclosed on the Notice of Electronic Filing on May 18, 2015.

                                       s/Marlena Williams
                                       MARLENA WILLIAMS
                                       Case Manager