UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

JOSES BRAXTON,

          Plaintiff,          Civil Action No.: 14-12054
                              Honorable Avern Cohn
v.                            Magistrate Judge Elizabeth A. Stafford

TOM HERITIER and
MICHAEL MURPHY,

          Defendants.

_____/

## ORDER DENYING MOTION TO QUASH [R. 25]

Plaintiff Joses Braxton, a prisoner proceeding *pro se*, brings the

instant action under 42 U.S.C. §1983 against Defendants Tom Heritier and

Michael Murphy, officers with the Saginaw Police Department, for civil

conspiracy to subject him to an unreasonable search and seizure, as well

as falsely arrest and maliciously prosecute him, all in violation of the Fourth

Amendment.[1]  He further alleges civil conspiracy under 42 U.S.C. §

1985(3), claiming a deprivation of equal protection of the laws based on his

race.

On April 20 and 29, 2015, Braxton issued Federal Rule of Civil

Procedure 45 subpoenas to third-party members or former members of the

_____

[1] While the actual claims in Braxton's complaint are not entirely clear, he
does not dispute Defendants' characterization of them in this manner.  [R.
13, PgID 7; R. 16, PgID 64].

Saginaw Police Department, seeking copies of emails sent to them by the former police chief, Gerald Cliff, regarding Plaintiff.  [R. 25-2, 25-3].  He is seeking emails from January 1, 2010 through July 31, 2012, which is the relevant timeframe alleged in his complaint.  [*Id.*; R. 1].  Defendants were served with a copy of the subpoenas and now move to quash it on the grounds that the materials are more properly sought, and indeed have been sought, through the normal discovery process.  [R. 25-4].

Generally, only the party or person to whom a subpoena is directed has standing to move to quash it.  *Sys. Prods. & Solutions v. Scramlin*, No. 13-14947, 2014 U.S. Dist. LEXIS 109389, at *20, 2014 WL 3894385 (E.D. Mich. Aug. 8, 2014).  This is true unless the party moving to quash demonstrates some "personal interest or claim of privilege" in the information sought.  *Mann v. Univ. of Cincinnati*, Nos. 95-3195; 95-3292, 1997 U.S. App. LEXIS 12482, at *12-13, 1997 WL 280188 (6th Cir. May 27, 1997) *citing* 9A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2459 (1995).  Defendants do not assert that they have a personal interest or claim of privilege in the emails of other Saginaw Police Department officers, and thus they do not have standing under Rule 45 to challenge the relevancy of the information sought by Braxton's subpoenas.

Dated: May 18, 2015          s/Elizabeth A. Stafford
Detroit, Michigan            ELIZABETH A. STAFFORD
                      United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 18, 2015.

                      s/Marlena Williams
                      MARLENA WILLIAMS
                      Case Manager