UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSES BRAXTON,

    Plaintiff,

v.    Case No. 14-12054

TOM HERITIER and    HON. AVERN COHN
MICHAEL MURPHY

    Defendants.

_____/

**MEMORANDUM AND ORDER
OVERRULING DEFENDANTS' OBJECTIONS (Doc. 31)
AND
ADOPTING REPORT AND RECOMMENDATION (Doc. 27)
AND
DENYING DEFENDANTS' MOTION TO DISMISS (Doc. 13)**

I.

This is a civil rights case under 42 U.S.C. § 1983. Plaintiff Joses Braxton, proceeding pro se,[1] filed a complaint against defendants Tom Heritier and Michael Murphy, officers with the Saginaw police department, claiming, in part, that defendants falsely arrested and maliciously prosecuted him. Plaintiff's claims stem from his operation of a towing company and the seizure of allegedly stolen vehicles which plaintiff had towed and which resulted in charges against plaintiff for larceny by

---

[1] At the time the complaint was filed, plaintiff was incarcerated on charges unrelated to the events in this case. Plaintiff also filled out a form complaint for prisoner civil rights cases, although his claims do not pertain to prison conditions or events. According to Michigan's Offender Tracking System, plaintiff was discharged on June 1, 2015.

conversion and receiving and concealing stolen property. The charges were later dismissed. The matter has been referred to a magistrate judge for pretrial proceedings. (Doc. 6). Defendants filed a motion to dismiss plaintiff's false arrest and malicious prosecution claims on the grounds they are barred by the statute of limitations and otherwise fail to state a claim. (Doc. 13). The magistrate judge issued a report and recommendation (MJRR), recommending that the motion be denied. (Doc. 27).

Before the Court are defendants' objections to the MJRR. (Doc. 31). For the reasons that follow, the objections will be overruled, the MJRR will be adopted, and defendants' motion will be denied.

II.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in

this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

Moreover, the failure to file objections to the MJRR waives any further right to appeal. Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the MJRR releases the Court from its duty to independently review the motions. Thomas v. Arn, 474 U.S. 140, 149 (1985).

III.

A.

Defendants raise two objections to the MJRR. Defendants first object to the magistrate judge's characterization of plaintiff's claims as claiming not only false arrest and malicious prosecution but also civil conspiracy to subject him to an unreasonable search and seizure in violation of the 4th Amendment. Defendants object to the extent that the magistrate judge implied that defendants agreed that plaintiff was also asserting a civil conspiracy claim. This objection over form, not substance, does not carry the day. Regardless of whether defendants agree that the complaint asserts a civil conspiracy claim, the complaint, liberally construed, asserts a claim for civil conspiracy. See Doc. 1 at p. 6, ¶¶ 1-3.

In their second objection, defendants say that the magistrate judge erred in concluding that plaintiff's section 1983 claims claiming false arrest and malicious prosecution claims are not barred by the statute of limitations. The magistrate judge found that the applicable statute of limitations is three years; defendants contend it is two years.

If the statute of limitations is two years, then the claims are time barred. Plaintiff was arrested in March of 2012. The charges against him were dismissed in March and later in April of 2012. Plaintiff did not file suit until May 22, 2014. If, however, the statute of limitations is three years, the complaint is timely.

To determine the length of the period of limitations, "federal law looks to the law of the State in which the cause of action arose." Wallace v. Kato, 549 U.S. 384, 387, (2007). Defendants contend that a two-year limitations period applies to the plaintiff's 1983–based false arrest and malicious prosecution claims because under Michigan law, the statute of limitations for assault and battery, false arrest, and malicious prosecution is two years. See M.C.L. § 600.5805(2), (5); Wolfe v. Perry, 412 F.3d 707, 715 (6th Cir. 2005) (citing M.C.L. § 600.5805(2) as the statute of limitations for false arrest claims).

However, "it is well settled that the statute of limitations for claims filed in Michigan based on 42 U.S.C. § 1983 is three years." Searcy v. County of Oakland, 735 F. Supp. 2d 759, 765 (E.D. Mich. 2010) (citing McCune v. City of Grand Rapids, 842 F.2d 903 (6th Cir. 1988)). In McCune, the Court of Appeals for the Sixth Circuit explained that "the appropriate statute of limitations to be applied in all section 1983 actions is the state statute of limitations governing actions for personal injury. . . . Michigan's three year statute of limitations for personal injury claims . . . governs section 1983 actions when the cause of action arises in Michigan." Id. at 905 (emphasis added). Thus, the magistrate judge correctly concluded that plaintiff's claims are not time barred.

IV.

Accordingly, for the reasons stated above, defendants' objections are OVERRULED.  The MJRR is ADOPTED as the findings and conclusions of the Court.  Defendants' motion to dismiss is DENIED.

SO ORDERED.

S/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated: June 25, 2015
      Detroit, Michigan