UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

JOSES BRAXTON,
        Plaintiff,         Civil Action No.: 14-12054
                               Honorable Avern Cohn
v.                           Magistrate Judge Elizabeth A. Stafford

TOM HERITIER, *et al.*,

        Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL [26]

On February 5, 2015, Defendants in this matter served interrogatories and requests for production on then-incarcerated *pro se* plaintiff Joses Braxton. [R. 26-2, PgID 177-89]. After granting Braxton an extension of time in which to respond, Defendants ultimately received responses they assert contain mostly blanket objections related to the scope of the interrogatories and claims that the information and documents sought were: (1) contained in the complaint; (2) within Defendants' control; (3) in the public domain; or (4) outside of Braxton's control due to his incarceration. [R. 26-3, PgID. 190-204]. Defendants requested amended responses, which Braxton provided, which again reiterated many of the same objections, and added an objection that the information sought was protected by the work-product doctrine. [R. 26-4, PgID 205-32].

Braxton appears to have provided some documents in his amended response. [*Id.*]. Defendants then moved this Court to compel Braxton's full and complete responses. Braxton has since been released from prison. [R. 32].

The scope of allowable discovery in federal court is broad. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). For purposes of discovery, relevant evidence includes evidence admissible at trial and information "reasonably calculated to lead to the discovery of admissible evidence." *Id.* Nonetheless, discovery may be denied when it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

As a general matter, Braxton's obstinate responses to Defendants' requests are inconsistent with the broad discovery contemplated by the federal rules. The vast majority of Defendants' interrogatories simply request that Braxton provide greater factual specificity to the allegations that he made in this complaint, and detail the evidence to support those allegations. These requests could not be more relevant and, having filed this lawsuit, Braxton cannot keep his evidentiary support to himself. "One

of the primary objectives of the discovery provisions embodied by the Federal Rules of Civil Procedure is elimination of surprise in civil trials." *Erskine v. Consol. Rail Corp.*, 814 F.2d 266, 272 (6th Cir. 1987). Moreover, Braxton is warned that, if he continues to unreasonably object to discovery requests despite this order, he will face sanctions up to and including dismissal. Fed. R. Civ. P. 37(b)(2).

Below, instead of dealing with each interrogatory and request for production separately, the Court will address the general categories of Braxton's objections.

**1) Relevant Facts Contained in Complaint**

First, Braxton may not simply object to Defendants' interrogatories on the basis that the relevant facts are contained in his complaint. The purpose of interrogatories is "to obtain simple facts . . . [or] information needed in order to make use of the other discovery procedures," including "obtaining the names and addresses of persons having knowledge of pertinent facts, or of securing information about the existence of documentary evidence." *Erie Ins. Property & Cas. Co. v. Johnson*, 272 F.R.D. 177, 183 (S.D. W. Va. 2010) (quoting Wright, Miller, & Marcus, Federal Practice & Procedure: Civil 3d § 2163).

As permitted by the Federal Rules, Braxton's complaint does not

contain all the relevant facts, but merely a "short, plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Defendants are thus entitled to learn through discovery the basis for Braxton's claims, such as when he asserts what another person, including the defendants, said, knew or believed. He is also required to disclose the basis for his knowledge of conversations to which he was not privy, and provide information that would allow Defendants to verify that information, such as dates and places to the extent he knows them.

**2)     Work-Product Privilege**

To the extent Braxton objects to Defendants' interrogatories and requests for production on the basis of the work-product doctrine, his objection is misplaced. First, the work-product doctrine applies only to "documents and tangible things that are prepared in anticipation of litigation." Fed. R. Civ. P. 26(b)(3). Braxton does not assert that any of the requested documents were prepared in anticipation of litigation and none of Defendants' requests appears on its face to seek information that would reasonably fall into this category. Business records, financial records and the like, generated in the ordinary course of business, are not prepared in anticipation of litigation, and thus are not protected. *United States v. Roxworthy*, 457 F.3d 590, 593 (6th Cir. 2006).

4

Moreover, the doctrine "does not protect the disclosure of underlying facts, regardless of who obtained those facts." *Roa v. Tetrick*, No. 13-379, 2014 U.S. Dist. LEXIS 24619, 2014 WL 695961, at *5 (S.D. Ohio Feb. 24, 2014) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981)). Thus, even if any of the requests arguably seeks protected material, the non-privileged facts contained therein must still be disclosed. To the extent Braxton continues to maintain that one or more request seeks arguably privileged information, he must generate a privilege log outlining the date, type, and nature of the document, who generated it, for what purpose, and a short summary of its contents (albeit without revealing privileged information) in order to permit Defendants to lodge an informed challenge to the assertion of privilege. Fed. R. Civ. P. 26(b)(5)(A).

**3)   Vague, Overbroad and Unduly Burdensome**

Braxton's objections that Defendants' requests for production are overbroad, unspecific or unduly burdensome are not well taken. The requests are clear and well-defined in that Defendants seek only documents relevant to each of their interrogatories, which seek facts specifically related to each of the claims in Braxton's complaint. Furthermore, Braxton cannot simply state that a request is unduly burdensome without some explanation of the burden he claims he faces in

5

complying. *See Lowe v. Vadlamudi,* No. 08-10269, 2012 U.S. Dist. LEXIS 122112, at *5-8, 2012 WL 3731781 (E.D. Mich. Aug. 28, 2012) (collecting cases for proposition that unsupported boilerplate objections are improper).

### 4) Lack of Control

With regard to Braxton's objection that he presently has no control over certain business and financial documents in either paper or electronic format due to his incarceration, this objection is now moot, as Braxton is no longer incarcerated. [R. 32]. As the instigator of this suit, Braxton has a duty to supplement his responses, making all reasonable efforts to obtain and disclose the relevant documents within his control. Fed. R. Civ. P 26(b)(1) and (e).

### 5) Documents Already in Defendants' Possession

Several of Defendants' requests (numbers 13, 15, 16, and 17) appear to seek documents that Braxton asserts are already in Defendants' possession or are readily available to them. Defendants' motion does not take issue with this response, and thus, to the extent it seeks to compel these documents, their motion is denied.

### 6) Interrogatory/Request for Production #22

Finally, with regard to Interrogatory and Request for Production #22, which request the identity, address, telephone number and expected

testimony of witnesses "who witnessed Plaintiff's alleged fall(s)", it is completely unclear how these requests relate to this case, as there is no allegation of a fall here, and thus Defendants' motion to compel this information is denied.

For the foregoing reasons, Defendants' motion to compel is **GRANTED IN PART AND DENIED IN PART**.  Braxton shall tender amended interrogatory responses and produce all relevant records to Defendants **ON OR BEFORE September 11, 2015**.  Braxton shall also be the sole signatory to his amended responses.[1]

**IT IS SO ORDERED**.

Dated: August 28, 2015  　　　　　　　　s/Elizabeth A. Stafford
Detroit, Michigan  　　　　　　　　　　　ELIZABETH A. STAFFORD
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of

---

[1] Defendants point out that the signature on Braxton's amended responses was different than other signatures, and Braxton has since attempted to grant a power of attorney to another inmate at his prior facility (who is not an attorney) to sign documents on his behalf.  [R. 38].  A power of attorney does not permit a non-attorney to represent a party in this Court.  28 U.S.C. § 1654; *J.M. Huber Corp. v. Roberts*, 869 F.2d 1491, 1989 WL 16866 (6th Cir. Feb. 17, 1989).  So long as Braxton proceeds *pro se*, he is required to personally sign any document related to this litigation.

this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 28, 2015.

                                         s/Marlena Williams
                                         MARLENA WILLIAMS
                                         Case Manager