UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

JOSES BRAXTON,
        Plaintiff,        Civil Action No.: 14-12054
                                   Honorable Avern Cohn
v.                            Magistrate Judge Elizabeth A. Stafford

TOM HERITIER and
MICHAEL MURPHY,

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S APPLICATION FOR APPOINTMENT OF COUNSEL [R. 44] WITHOUT PREJUDICE

Plaintiff Joses Braxton, a recently released prisoner proceeding *pro se*, moves a second time for appointment of counsel. [R. 44]. Braxton brings the instant action under 42 U.S.C. §1983 against Defendants Tom Heritier and Michael Murphy, officers with the Saginaw Police Department, for civil conspiracy to subject him to an unreasonable search and seizure, as well as falsely arrest and maliciously prosecute him, all in violation of the Fourth Amendment.[1] He further alleges civil conspiracy under 42 U.S.C. § 1985(3), claiming a deprivation of equal protection of the laws based on his race. Defendants moved to dismiss Braxton's claims on limited grounds, a

---

[1] While the actual claims in Braxton's complaint are not entirely clear, he does not dispute Defendants' characterization of them in this manner. [R. 13, PgID 7; R. 16, PgID 64].

motion the Court denied. [R. 43].

Braxton seeks appointment of counsel, alleging that he was only able to litigate this matter in prison due to the assistance of legal writers and, since his release, he lacks the funds to hire an attorney and sufficient knowledge of the law to properly litigate his case on his own.

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." Appointment of counsel under § 1915(e)(1) is not a constitutional right in a civil action; a district court is vested with broad discretion to determine whether "exceptional circumstances" warrant such an appointment. *Lavado v. Keohane*, 992 F.2d 601, 604-06 (6th Cir. 1993). In making this determination, the Court considers the nature of the case, the party's ability to represent himself, the complexity of the legal and factual issues, and whether the claims being presented are frivolous or have a small likelihood of success. *Id.* Appointment of counsel pursuant to § 1915(e)(1) is rare because "there are no funds appropriated to pay a lawyer or to even reimburse a lawyer's expense." *Clarke v. Blais*, 473 F. Supp. 2d 124, 125 (D. Me. 2007).

The Court finds that exceptional circumstances do not exist here. While Braxton may not have the same tools to assist him in litigation that

2

he had in prison, he has sufficient knowledge of the laws and the facts of his case, and his claims are not overly complex. Further, as the plaintiff, he has a responsibility to educate himself on the laws and the rules of this Court in order to properly prosecute this action that he voluntarily commenced. For these reasons, Braxton's motion to appoint counsel **[R. 44]** is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated: August 31, 2015        s/Elizabeth A. Stafford
Detroit, Michigan              ELIZABETH A. STAFFORD
                               United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 31, 2015.

                               s/Marlena Williams
                               MARLENA WILLIAMS
                               Case Manager