UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

JOSES BRAXTON,
        Plaintiff,        Civil Action No.: 14-12054
                                      Honorable Avern Cohn
v.                               Magistrate Judge Elizabeth A. Stafford

TOM HERITIER, *et al.*,

        Defendants.
_____/

### ORDER DENYING DEFENDANTS' MOTION TO SHOW CAUSE [R. 50] AND COMPELLING PLAINTIFF TO APPEAR FOR DEPOSITION

On June 22, 2015, Defendants in this case contacted *pro se* plaintiff Joses Braxton to arrange his deposition. Braxton allegedly responded that he would only sit for a deposition if Defendants withdrew their motion to compel, at the time pending before the Court. Defendants declined and issued Braxton a subpoena to appear for deposition on July 23, 2015, which was served on July 10, 2015. Braxton did not file any motion to quash the subpoena, but he forwarded a handwritten objection to Defendants and did not appear for the deposition as scheduled. Defendants now move for an order to show cause why Braxton should not be held in contempt for failing to appear for his deposition. Braxton responds that he should not be required to sit for the deposition until the Court rules on his pending motion to appoint counsel, which has now been

ruled upon.

Federal Rule of Civil Procedure 45 defines subpoena practice in civil litigation in federal courts.  Pursuant to section (g) of that rule: "The court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse, to obey the subpoena or an order related to it."  However the Rule's Advisory Committee notes clarify that, "[i]n civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena . . ."  Fed. R. Civ. P. 45(g) Advisory Committee Notes to the 2013 Amendment.

Even if Braxton was correct in believing that he could delay his deposition until the Court's ruled on his motion for appointment of counsel, the proper course of action would have been to file a motion to quash the subpoena.  He did not have the authority to simply disregard Defendants' subpoena.  However, in light of the Advisory Committee's cautions, the Court will not impose sanctions at this time.  Rather, Braxton will be ordered to appear for his deposition at a date and time most amenable to Defendants.

Defendants are not prejudiced by this result, as they will still have the opportunity to take Braxton's deposition.  Further, the Court will not award

Defendants costs associated with the deposition since they knew Braxton had objected and would not appear for the deposition.  *See McLean v. Alere, Inc.*, No. 12-566, 2015 U.S. Dist. LEXIS 44463, at *15-16 (W.D. Ky. Apr. 6, 2015) (request for order to show cause and costs denied where movant knew or should have known other party was not going to appear for scheduled deposition prior to preparation).  Thus, Defendants' motion for an order to show cause why Braxton should not be held in contempt **[R. 50]** is **DENIED WITHOUT PREJUDICE**.

Braxton is hereby **ORDERED** to appear for a deposition on a date and time to be set by Defendants.  He is warned that his failure to appear at his re-scheduled deposition will be considered a violation of this Court's order, and thus may result in a contempt hearing and/or other sanctions. **IT IS SO ORDERED.**

Dated: August 31, 2015                s/Elizabeth A. Stafford
Detroit, Michigan                     ELIZABETH A. STAFFORD
                                      United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

3

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 31, 2015.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
