UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

JOSES BRAXTON,
        Plaintiff,         Civil Action No.: 14-12054
                                      Honorable Avern Cohn
v.                              Magistrate Judge Elizabeth A. Stafford

TOM HERITIER, *et al.*,

        Defendants.
_____/

### ORDER GRANTING THIRD-PARTY ROBERT RUTH'S MOTION TO QUASH SUBPOENA [R. 33]

Plaintiff Joses Braxton, proceeding *pro se*, brings the instant action under 42 U.S.C. §1983 against Defendants Tom Heritier and Michael Murphy, officers with the Saginaw Police Department, for civil conspiracy to subject him to an unreasonable search and seizure, as well as falsely arrest and maliciously prosecute him, all in violation of the Fourth Amendment.[1] He further alleges civil conspiracy under 42 U.S.C. § 1985(3), claiming a deprivation of equal protection of the laws based on his race. These claims stem from Heritier and Murphy's actions in relation to Braxton's automobile towing operations in Saginaw.

On May 27, 2015, Braxton issued a subpoena to the present chief of

---

[1] While the actual claims in Braxton's complaint are not entirely clear, he does not dispute Defendants' characterization of them in this manner. [R. 13, PgID 7; R. 16, PgID 64].

the Saginaw Police Department, Robert Ruth, seeking "[a]ny and all emails in former Police Chief Gerald Cliff's email archive relating to Joses Braxton from January 1, 2010 to July 21, 2012," as well as Gerald Cliff and another former employee Tamie Luty's current contact information. [R. 33-1, PgID 272]. Defendants originally moved to quash this subpoena, a motion this Court denied for lack of standing. [R. 25, 33]. Ruth now moves to quash the subpoena, alleging that it seeks evidence unrelated to Braxton's claims, that the contact information of former police employees is too sensitive to be released to a convicted felon, and that the subpoena is simply a fishing expedition designed to ferret out potential claims against non-parties. Ruth further claims that the purported emails Braxton seeks do not exist.

Braxton responds that the emails indeed exist, or at least one does, as former employee Luty allegedly informed Braxton that "what was said by Chief Gerald Cliff in the email should not be said about people." [R. 37, PgID 290]. Braxton asserts that Luty agreed to testify about the contents of this email on Braxton's behalf, necessitating his request for her contact information. Braxton claims this email "is most relevant to his claims of conspiracy," that it "is fatal to whatever defense defendants may attempt to put forth, and that it is relevant to "the development of other possible claims and defendants." [*Id.*]. Finally, he asserts that he needs Cliff's contact

2

information in order to "serve Interrogatories and Admissions upon him." [*Id.*, PgID 291].

The scope of allowable discovery in federal court is broad. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). For purposes of discovery, relevant evidence includes evidence admissible at trial and information "reasonably calculated to lead to the discovery of admissible evidence." *Id.* However, when a subpoena is served on a non-party, the requesting party must "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P 45(d)(1). In order to evaluate whether burden is undue, the Court must weigh "the likely relevance of the requested material . . . against the burden of producing the material." *EEOC v. Ford Motor Credit Co.*, 26 F.3d 44, 47 (6th Cir. 1994). The party seeking to quash a subpoena generally bears the burden to show that discovery should not be allowed. *Great Lakes Trasp. Holding, LLC v. Yellow Cab Serv. Corp. of Florida, Inc.*, No. 11-50655, 2011 U.S. Dist. LEXIS 58910, 2011 WL 2533653, at *1 (E.D. Mich. June 27, 2011) (citing 9A Wright & Miller, Federal Practice and Procedure § 2463.1). However, some courts have held that the party seeking discovery bears the burden when relevance is not apparent on the face of the

subpoena request. *Snyder v. Fleetwood RV, Inc.*, 303 F.R.D. 502, 504 (S.D. Ohio 2014). Regardless of who bears the burden, the Court finds that the information sought here is irrelevant and thus not discoverable.

First, Braxton's complaint alleges only a limited conspiracy between the two named defendants, Heritier and Murphy; it does not allege the involvement of other unnamed parties or the Saginaw Police Department generally such that statements or emails from non-party employees like Cliff would be relevant. Braxton's broad claim that the emails could be used to defeat Defendants' defenses is too vague. He has not alleged, for example, that the emails he seeks were sent to or from or read by either Heritier or Murphy, or that the emails were relevant to the alleged conspiracy between them.

Braxton also admits he seeks the emails in order to explore a possible claim against non-party Cliff or others. However, such extraneous discovery is not permitted by the Rules. Indeed, Rule 26(b) was amended in 2000 specifically to curtail these kinds of fishing expeditions. Fed. R. Civ. P. 26(b)(1) Advisory Committee notes to 2000 Amendments (noting that substitution of phrase "claims or defenses" for previous phrase "subject matter" intended to "signal[ ] to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified

4

in the pleadings."). Because the information sought is not relevant to the present claims or defenses in this action, Ruth's motion to quash the subpoena as related to these emails is granted.

Ruth's motion is further granted with respect to Cliff and Luty's contact information. Braxton asserts he needs Cliff's information in order to propound interrogatories and requests for admission upon him, but as noted above, Cliff is not a party to this case and thus is not subject to such discovery. Fed. R. Civ. P. 33 and 36 (only parties subject to interrogatories and requests for admission). With respect to Luty, Braxton asserts that she agreed to testify about the content of Cliff's emails to the extent Braxton sued the police department. However, Braxton has not sued the police department and the Court has already deemed the emails irrelevant to the case at hand; therefore there is no present need for Luty's contact information.

For the foregoing reasons, third-party Robert Ruth's motion to quash Braxton's subpoena **[R. 33]** is **GRANTED**.

Dated: August 31, 2015        s/Elizabeth A. Stafford
Detroit, Michigan              ELIZABETH A. STAFFORD
                                   United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which

provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 31, 2015.

                                              s/Marlena Williams
                                              MARLENA WILLIAMS
                                              Case Manager