UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

JOSES BRAXTON,

                    Plaintiff,          Civil Action No.: 14-12054
                                        Honorable Avern Cohn
v.                                      Magistrate Judge Elizabeth A. Stafford

TOM HERITIER, *et al.*,

                    Defendants.
_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO TRANSFER VENUE [R. 36]

Plaintiff Joses Braxton, proceeding *pro se*, brings claims for civil

conspiracy under 42 U.S.C. §1983 and 42 U.S.C. § 1985(3), stemming

from defendants Tom Heritier and Michael Murphy's (former Saginaw

Police Department officers) actions in relation to Braxton's automobile

towing operations in Saginaw.

Defendants move to transfer this case, alleging that the Northern

Division is the proper forum pursuant to Eastern District of Michigan Local

Rule 83.10.  They argue that transfer is convenient and in the interests of

justice because Braxton, who was incarcerated at the time he filed suit, has

since been released and relocated back to Saginaw and all of the

circumstances giving rise to this action also occurred there.  Braxton

(untimely and via an unauthorized legal representative)[1] opposes the transfer, arguing that it is simply a veiled attempt at judge shopping, and that if Defendants were sincere they would have moved for a transfer much earlier.  The Court finds that discretionary transfer is warranted under the circumstances and **RECOMMENDS** that Defendants' motion **[R. 36]** be **GRANTED**.

The Court first addresses Defendants' argument that venue in this Division is not proper.  Venue is determined "at the commencement of an action."  *Sullivan v. Tribley*, 602 F. Supp. 2d 795, 799 (E.D. Mich. 2009). Local Rule 83.10 states that "civil cases arising in or related to one or more" of a number of named counties "shall be assigned by the Clerk to a place of holding court by reference to th[ose] counties" based on certain priorities, including where the claim arose and where the parties reside. E.D. Mich. L.R 83.10(a)-(b).  However, Local Rule 83.11 provides a caveat, dictating that prisoner cases arising under 42 U.S.C. § 1983 be randomly assigned across the District, irrespective of the divisional priorities cited by Local Rule 83.10.  Thus, venue in this Court is proper.

The question then becomes whether the case should nevertheless be

---

[1] As this Court has noted in a separate order, [R. 53], Braxton may not solicit legal assistance from a non-lawyer or designate a non-lawyer to draft and/or sign his pleadings or other papers filed with this Court.

transferred to the Northern Division in light of the circumstances.  Although not cited by Defendants, the statute governing intradistrict transfers is 28 U.S.C. §1404(b).[2]  Such transfers are governed by the same standards as those under 28 U.S.C. § 1404(a), "but apparently judged by a less rigorous standard." *Breech v. Liberty Mut. Ins. Co.*, No. 15-2633, 2015 U.S. Dist. LEXIS 97870, at *3, 2015 WL 4465064 (S.D. Ohio July 21, 2015) (citing *Hanning v. New England Mut. Life Ins. Co.*, 710 F. Supp. 213, 215 (S.D. Ohio 1989)); *Verhovec v. City of Trotwood*, No. 14-363, 2014 U.S. Dist. LEXIS 153110, at *3, 2014 WL 5426398 (S.D. Ohio Oct. 22, 2014) (citing same).

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."  In considering such a motion, the Court must "evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Constr. Co. v. United States District Court for the Western District of Texas*, 134 S. Ct. 568, 581 (2013).  These include, *inter alia*, the plaintiff's choice of forum, the convenience of witnesses, access to proofs, the

---

[2] 28 U.S.C. § 1404(b) states in relevant part: "[u]pon motion . . . any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from one division in which pending to any other division in the same district."

connection of the case to the transferor and transferee venues, the relevant means of the parties, and the interests of justice.  *See id.* at 581 n.6; *Overland Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000).  The movant bears the burden of demonstrating that the relevant factors weigh in favor of transfer.  *Kay v. Nat'l City Mortg. Co.*, 494 F. Supp. 2d 845, 849 (S.D. Ohio 2007).  Ultimately, the decision to transfer is within the sound discretion of the Court.  *Id.*

As a threshold matter, neither party disputes that this case could have originally been assigned to the Northern Division, and thus the first hurdle of § 1404(a), requiring that the case be one which "might have been brought" in the transferee forum, is satisfied.  *See IFL Group, Inc. v. World Wide Flight Servs.*, 306 F. Supp. 2d 709, 712 (E.D. Mich. 2004) (court must first determine whether action could have been brought in proposed transferee forum).

Additionally, the overwhelming majority of the relevant discretionary factors strongly weigh in favor of transfer.  First, while a plaintiff's choice of forum is generally given weight, less deference is given when the forum is not the plaintiff's residence.  *Lewis v. ACB Bus. Serv.*, 135 F.3d 389, 413 (6th Cir. 1998).  Here, Braxton did not even choose the Southern Division as his forum – it was randomly assigned.  His preference to remain in this

4

forum is apparently premised only upon the recent favorable rulings of the Court, not on any connection he or his case has to this Division.  Thus, his preference is given less deference.  *See Breech*, 2015 U.S. Dist. LEXIS 97870, at *5-6, 2015 WL 4465064 (less deference given to choice of forum to which neither plaintiff nor case had more than tenuous connection).

Nor is any connection to this forum evident from the record.  While imprisoned, Braxton was housed in the Western District of Michigan.[3]  He now resides in Saginaw, in the Northern Division of this District.  All the relevant events occurred in that Division.  While the Court is not privy to the residency of the individual defendants, the police department for which they formerly worked and which likely possesses many of the relevant documents are located in the Northern Division, as is defense counsel.  Thus, this factor weighs in favor of transfer.  *See Audi AG v. D'Amato*, 341 F. Supp. 2d 734, 751 (E.D. Mich. 2004) ("A fundamental principle guiding the Court's analysis is that litigation should proceed in that place where the case finds its center of gravity." (internal quotation marks and citation omitted)).

The convenience of witnesses is also a factor, often considered the most important one.  *McNic Oil & Gas Co. v. Ibex Resources Co.*, 23 F.

---

[3] Braxton was incarcerated at the Carson City Correctional Facility, located in Montcalm County in the Western District of Michigan.

Supp. 2d 729, 739 (E.D. Mich. 1998) (citing 15 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3851 (2d ed. 1986)). While neither party has specified who their witnesses will be, the location of the incidents giving rise to this complaint suggests that most of them also reside in the Northern Division.  The cost of travel and possible lodging necessary to produce them for a trial in the Southern Division, up to a two-hour drive away, favors transfer.  *See Watson v. Bortz Health Care of Rose City*, No. 05-72989, 2006 U.S. Dist. LEXIS 4852, at *14, 2006 WL 163528 (E.D. Mich. Jan. 20, 2006) (indisputable that requiring witnesses to travel 175 miles in either direction would be more costly than only requiring them to travel within the county in which they reside).

Furthermore, there is little public interest in this Division trying a case to which it has no connection.  *See Breech*, 2015 U.S. Dist. LEXIS 97870, at *10, 2015 WL 4465064; *Watson*, 2006 U.S. Dist. LEXIS 4852, at *15-16, 2006 WL 163528.  Finally, this case is not in a procedural posture where transfer would be inefficient.  *C.f. Sildack v. Corizon Health, Inc.*, No. 11-12939, 2014 U.S. Dist. LEXIS 121801 (E.D. Mich. Sept. 2, 2014) (transfer inappropriate where case is presently ready for trial).

As the relevant factors overwhelmingly favor transfer, the Court **RECOMMENDS GRANTING** Defendants' motion **[R. 36]** and

6

**TRANSFERRING** this case to the Eastern District of Michigan, Northern

Division.

Dated: August 31, 2015            s/Elizabeth A. Stafford
Detroit, Michigan                  ELIZABETH A. STAFFORD
                                  United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this

Report and Recommendation, but must act within fourteen days of service

of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P.

72(b)(2).  Failure to file specific objections constitutes a waiver of any

further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v.*

*Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*,

638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but

fail to raise others with specificity will not preserve all objections that party

might have to this Report and Recommendation.  *Willis v. Secretary of*

*HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers*

*Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection

must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2,"

etc., and **must specify** precisely the provision of this Report and

Recommendation to which it pertains.  Not later than fourteen days after

service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 31, 2015.

<u>s/Marlena Williams</u>
MARLENA WILLIAMS
Case Manager